| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>-----------------------------------------------------------x<br>In re:<br><br>CK ONLINE LLC,<br><br>                         Debtor.<br>-----------------------------------------------------------x | <u>NOT FOR PUBLICATION</u><br><br>Chapter 7<br><br>Case No. 24-22589 (SHL) |

## DECISION AND ORDER DENYING MOTION FOR SANCTIONS

On July 2, 2024 (the "Petition Date"), debtor CK Online LLC (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code [ECF No. 1].[1] Prior to the Petition Date, creditor Viahart, LLC ("Viahart") commenced a trademark infringement and unfair competition action (the "District Court Action") against the Debtor and various non-Debtor affiliates (collectively, the "Co-Defendants") in the District Court for the Southern District of New York (the "District Court"). A jury trial was set for July 8, 2024, but the District Court Action was stayed as to the Debtor upon its filing for bankruptcy. The District Court also stayed the District Court Action as to the Co-Defendants until this Court either lifted the automatic stay as to the Debtor or Co-Defendants or ordered otherwise as to the Co-Defendants. *See* Order, *Viahart, LLC v. Creative Kids Online, LLC*, No. 20-9943, ECF No. 277 (S.D.N.Y. July 3, 2024).

On August 19, 2024, Viahart filed an *Application for Order Authorizing Relief from Stay and Motion for Sanctions* [ECF No. 10] (the "Motion"), seeking relief from the automatic stay to continue litigation in the District Court Action, as well as sanctions against the Debtor, Co-Defendants, and Samuel Lapa[2] as President and CEO of the Debtor under Section 105 of the

---

[1]     Unless otherwise indicated, references in this Decision and Order Denying Motion for Sanctions to docket entries on the Case Management/Electronic Case Files ("ECF") system are to Case No. 24-22589.

[2]     Mr. Lapa signed the Debtor's Petition, Statement of Financial Affairs, and Declaration of Schedules. *See* ECF Nos. 1, 5, 7.

Bankruptcy Code and the Court's inherent authority. *See id.* ¶¶ 15-36. Viahart sought sanctions against the Debtor under Section 105, arguing that the Debtor exhibited bad faith given that the bankruptcy case was filed on the eve of trial, Viahart is the Debtor's sole creditor, and the Debtor violated Section 521(a)(3) of the Bankruptcy Code.[3] *See id.* ¶¶ 23-25, 33-34. Viahart contends that the Debtor's filing was intended to hinder, delay, and frustrate Viahart's attempts to litigate the District Court Action. *See id.* ¶¶ 29-33. Viahart's Motion also sought to impose sanctions on the Co-Defendants based on theories of joint and several liability and on Mr. Lapa by piercing the Debtor's corporate veil. *See id.* ¶¶ 26-27, 34-35. The Debtor filed its *Objection to the Application by Viahart, LLC for Relief from Stay and Motion for Sanctions* on September 4, 2024 [ECF No. 14] (the "Objection"). The Debtor argues that sanctions are not appropriate because no provisions of the Bankruptcy Code were violated and the Debtor had legitimate reasons to file for bankruptcy, including an inability to pay its legal fees and a lack of insurance to cover legal fees incurred in the District Court Action. *See* Objection ¶¶ 36–45, 51.

Hearings were held on the Motion on September 5, 2024 and September 25, 2024. At the second hearing, Viahart advised the Court that it was only seeking sanctions against the Debtor's principals, not the Debtor's estate or the Trustee. But nonetheless, Viahart's request for sanctions is based on the notion that this case was filed in bad faith. The Court issued a bench ruling granting relief from the automatic stay, finding that Viahart was entitled to pursue its remedies against the Debtor in the District Court Action. *See generally Order Granting Application for Relief from the Automatic Stay* [ECF No. 21] (lifting the automatic stay as to the Debtor and confirming that the automatic stay is inapplicable and not in effect as to the Co-

---

[3]    Viahart alleges that the Debtor violated Section 521(a)(3) by failing to provide the Court or the Chapter 7 trustee (the "Trustee") with necessary information. *See* Motion ¶¶ 23-25, 28. *See* 11 U.S.C. 521(a)(3); 4 Collier on Bankruptcy P. 521.15 ("Where the debtor is a corporation, a principal of the debtor or other person in control of the business *may* be required to cooperate on behalf of the debtor.") (emphasis added).

2

Defendants).  As for sanctions, the Court took that matter under advisement.  *See id.*  (directing that any further communications regarding the request for sanctions be made in writing, filed, and served).  Based on the existing record, the Court denies the request for sanctions for the reasons stated below.

Viahart invokes two sources of authority for its request for sanctions: Section 105 of the Bankruptcy Code and the Court's inherent authority.  Section 105 of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  "Sanctions pursuant to [S]ection 105 may only be imposed against bad-faith conduct and only when it is tied to a specific provision of the Bankruptcy Code."  *Gordon v. Tese-Milner (In re Gordon)*, 577 B.R. 38, 51 (S.D.N.Y. 2017) (citing *Desiderio v. Parikh (In re Parikh)*, 508 B.R. 572, 596 (Bankr. E.D.N.Y. 2014)); *see also Solow v. Kalikow (In re Kalikow)*, 602 F.3d 82, 96 (2d Cir. 2009) (rejecting the argument that Section 105 may serve as an independent basis to award sanctions in the absence of a violation of another provision of the Bankruptcy Code); *Wansdown Props. Corp. N.V. v. 29 Beekman Corp. (In re Wansdown Props. Corp. N.V.)*, 2023 Bankr. LEXIS 862, at *25 (Bankr. S.D.N.Y. Mar. 31, 2023) ("Section 105 may provide a basis to impose sanctions, but only against bad-faith conduct and only when it is tied to a specific provision of the Bankruptcy Code, 'rather than to further the purposes of the Code generally . . . and not merely [tied] to a general bankruptcy concern or objective.'") (quoting *Parikh*, 508 B.R. at 596).  To issue sanctions under Section 105, the Court "must find a clear showing of bad faith on the part of the party to be sanctioned and clear evidence that the conduct at issue is (1) entirely without color and (2) motivated by improper purposes."  *Gordon*, 577 B.R. at 38 (citing *Elmasri v. Rupp*, 2011 U.S. Dist. LEXIS 10606, at *10 (E.D.N.Y. Feb. 2, 2011); *Oliveri v. Thompson*, 803 F.2d

1265, 1273 (2d Cir. 1986)).

The Court may also issue sanctions pursuant to its inherent authority. District courts have inherent authority to sanction parties for acting in bad faith, vexatiously, wantonly, or for oppressive reasons, and it is generally agreed that bankruptcy courts possess the same inherent sanction powers. *See Ngang Gung Restaurant v. Official Comm. of Unsecured Creditors of Ngang Gung Restaurant (In re Ngang Gung Restaurant)*, 1996 U.S. Dist. LEXIS 18877, at *15-16 (S.D.N.Y. Dec. 20, 1996) (citations omitted); *see also Rosellini v. United States Bankr. Ct. (In re Sanchez)*, 941 F.3d 625, 628 (2d Cir. 2019) ("[B]ankruptcy courts, like Article III courts, possess inherent sanctioning powers."). Some courts hold that this inherent power is derived from Section 105(a), while others hold that the Court's inherent authority to issue sanctions arises independent of any statutory authority. *See Ngang Gung Restaurant*, 1996 U.S. Dist. LEXIS at *16. As with sanctions awards under Section 105, to impose sanctions pursuant to the Court's inherent authority, the Court must find, by clear evidence, that "(1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith—that is, 'motivated by improper purposes such as harassment or delay.'" *In re Green*, 422 B.R. 469, 474 (Bankr. S.D.N.Y. 2010) (citing *Eisemann v. Greene*, 204 F.3d 393, 395-96 (2d Cir. 2000)).

Based on the current record, the Court finds that sanctions are not appropriate under Section 105 of the Bankruptcy Code or the Court's inherent authority. The Court does not find a sufficient basis to conclude that this bankruptcy case was filed in bad faith. The Court is mindful that this case was filed because of the District Court Action and that the automatic stay ultimately was lifted as to Viahart to allow the District Court Action to proceed. But bankruptcy cases are often filed on the eve of a significant event where a creditor is seeking to vindicate its rights, whether it be on the eve of foreclosure, the start of a trial, or issuance of a judgment. The

4

record here makes clear that the Debtor was facing financial distress; in fact, Viahart does not argue otherwise. Indeed, debtors file for bankruptcy when financial distress exists or is on the horizon; that fact, standing alone, is not a sufficient basis for imposing sanctions. *See In re Cohoes Indus. Terminal, Inc.*, 931 F.2d 222, 228 (2d Cir. 1991) ("Although a debtor need not be *in extremis* in order to file such a petition, it must, at least, face such financial difficulty that, if it did not file at that time, it could anticipate the need to file in the future.") (citation omitted). And while the Debtor was not able to make this case succeed by either securing funding or reaching a settlement, that fact alone is not a basis for sanctions without more. *See id.* at 228 ("In reality, there is a considerable gap between delaying creditors, even secured creditors, on the eve of foreclosure and the concept of abuse of judicial purpose.") (reversing lower courts' award of sanctions under Fed. Bankr. R. P. 9011 and 28 U.S.C. § 1927) (citation and quotations omitted); *In re Project Orange Associates, LLC*, 432 B.R. 89, 113 (Bankr. S.D.N.Y. 2010) ("The filing of a petition on the eve of foreclosure or eviction is not sufficient alone to constitute bad faith cause to lift the automatic stay . . . a bankruptcy filing intended in part to gain relief from a state-court action does not necessarily constitute bad faith . . . .") (finding no bad faith but lifting stay to permit various state court actions to proceed) (citations and quotations omitted); *In re LJAK Associates, Inc.*, 165 B.R. 9, 11 (Bankr. E.D.N.Y. 1994) (denying sanctions under Fed. Bankr. R. P. 9011 because "a finding that a bankruptcy petition was filed to delay foreclosure, by itself, is not enough") (citation omitted).

      Viahart complains there was a lack of disclosure to the Trustee in this case, but no motion was ever filed—by Viahart or the Trustee—seeking Court assistance as to any alleged lack of disclosure. Nor were any findings made by the Court on that issue. Accordingly, the Court lacks an appropriate foundation for this issue to serve as a basis for sanctions. Indeed, issues of

5

disclosure and full transparency often arise in bankruptcy cases. Such issues would rarely provide a basis for a finding of a bad faith filing. If such disclosure issues are chronic, the normal remedy is to seek dismissal. Viahart's attempt to weaponize the issue of disclosure on such a premature and sparse record would be a troubling precedent that could serve to inappropriately chill access to bankruptcy relief by debtors filing in good faith.[4]

Accordingly, it is hereby,

**ORDERED**, that Viahart's request for sanctions in the Motion is denied.

Dated: White Plains, New York
March 28, 2025

                                            */s/ Sean H. Lane*
                                            UNITED STATES BANKRUPTCY JUDGE

---

[4] Given the Court's ruling above, the Court does not need to address the potentially thorny question of the Court's jurisdiction over the Co-Defendants against whom sanctions are sought, all of whom are defendants in the District Court Action but who are not debtors in this Court. Nor does the Court need to address the Court's jurisdiction over Mr. Lapa, who is neither a debtor in this Court nor a defendant in the District Court Action.